PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN JAMES RODRIGUEZ,<br><br>　　　　　　　Defendant. | Case No: 1:20-cr-00122 JLT/SKO<br><br>**STIPULATION TO CONTINUE JUNE 29, 2022, STATUS CONFERENCE TO AUGUST 31, 2022; ORDER**<br><br>Ctrm:　　7<br><br>Hon. Sheila K. Oberto |

　　　　This case is set for a status conference on Wednesday, June 29, 2022. Dkt. 39. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1 | will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and
2 | previous General Orders were entered to address public health concerns related to COVID-19.

3 | On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

2

T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Harry M. Drandell, counsel for defendant Jonathan James Rodriguez ("defendant"), that this action's **Wednesday, June 29, 2022,**

**status conference be continued to Wednesday, August 31, 2022, at 1:00 p.m.**  The parties base this stipulation on 18 U.S.C. § 3161(h)(1)(A) & B(iv) and likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause and request the Court to endorse it by way of formal order.  Specifically,

1. The prosecution of this case was reassigned to Assistant United States Attorney, Brian W. Enos, on April 26, 2022.  The government filed a designation of counsel in this regard on this date.  Dkt. 38.  Since this time, counsel for the government has analyzed the discovery produced in this case in detail.  The government has previously represented that the discovery associated with this case has been either produced directly to counsel and/or made available for inspection and copying.  If any supplemental discovery is identified, it will be promptly produced to the defense in accord with Rule 16.

2. As the defense completes its analysis of the discovery produced in this case, counsel for the government will work with the defense and FBI's Ripon office to ensure that the defense is able to also timely review, upon its request, any electronic evidence in this case in accord with relevant provisions of the Adam Walsh Act.  As referenced in the Indictment, this case involves multiple electronic devices and/or storage media, each of which containing voluminous data.

3. Counsel for the government prepared and delivered a draft plea agreement to the defense for its analysis.  On this end and for the past several weeks, the parties have engaged in meaningful discussions regarding its contours and the extent this case might be resolved short of trial and will continue to do so.  The parties anticipate being able to advise the court of the extent this case can be resolved short of trial at the continued status conference.

4. Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, and to discuss potential resolutions with his client and counsel for the government.  Defense counsel also needs more time to determine the extent an expert should be hired.

5. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise

4

of due diligence.

6. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

7. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 29, 2022 through August 31, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(1)(A) & B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

8. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 21, 2022                                             PHILLIP A. TALBERT
                                                                                 United States Attorney


                                                                          By:  /s/ Brian W. Enos
                                                                                 Brian W. Enos
                                                                                 Assistant United States Attorney


                                                                                 (*As authorized 6/21/22*)

Dated:  June 21, 2022                           By:     /s/ Harry M. Drandell
                                                                                 Harry M. Drandell, Esq.
                                                                                 Attorney for Defendant
                                                                                 Jonathan James Rodriguez

5

# **O R D E R**

IT IS ORDERED that the status hearing currently set for June 29, 2022, at 1:00 pm is continued until August 31, 2022, at 1:00 pm.

IT IS FURTHER ORDERED THAT the period of time from June 29, 2022 through August 31, 2022 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

The parties shall be prepared to select a mutually agreeable trial date at the next status conference.

Dated: 6/22/2022

*Sheila K. Oberto*
Honorable Sheila K. Oberto
United States Magistrate Judge