PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:20-cr-00122 JLT/SKO |
| Plaintiff, | **STIPULATION TO: (1) VACATE AUGUST 31, 2022 STATUS CONFERENCE AND (2) SET SEPTEMBER 23, 2022 CHANGE OF PLEA HEARING; ORDER** |
| v. | Ctrm:  7 |
| JONATHAN JAMES RODRIGUEZ, | Hon. Sheila K. Oberto |
| Defendant. | |

THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United States Attorney, Brian W. Enos, on behalf of the government, and Harry M. Drandell, Esq., on behalf of defendant Jonathan James Rodriguez ("Rodriguez"), that this action's: (1) August 31, 2022, status conference be vacated; and (2) a change of plea hearing be set for Friday, September 23, 2022, at 9:00 am in Courtroom 4.

This case is set for a status conference on Wednesday, August 31, 2022. Dkt. 41. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to

1

continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The court's above protocols were recently extended through September 25, 2022. General Order 652 (E.D. Cal. June 27, 2022).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

///

///

2

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

3

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

The parties base this stipulation on good cause and therefore ask the court to endorse this stipulation by way of formal order. Specifically,

1. Earlier this week, the parties reached an agreement resolving this case. The terms of this agreement are memorialized in a signed plea agreement filed earlier this morning. Dkt. 42. Accordingly, they ask that this action's August 31, 2022, status conference be vacated, and a change of plea hearing be set.

2. The parties have since compared respective calendars and met and conferred about available dates wherein they could both appear at a change of plea hearing. The parties have also cleared Friday, September 23, 2022 (9:00 a.m.) regarding the scheduling of this hearing with chambers of Courtroom 4. In light of these efforts, the parties ask the court to endorse their stipulation to vacate the August 31, 2022, status conference and set a change of plea hearing for Friday, September 23, 2022, at 9:00 a.m. in Courtroom 4.

3. The parties therefore stipulate that the period of time from August 31, 2022, through September 23, 2022 is deemed excludable pursuant to: (1) 18 U.S.C. § 3161(h)(1)(G) so the court can consider the proposed plea agreement to be entered into by the parties; and (2) 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within

which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 19, 2022                          PHILIP A. TALBERT
                                                 United States Attorney

                                          By:   /s/ Brian W. Enos
                                                 Brian W. Enos
                                                 Assistant United States Attorney


                                                 (*As authorized 8/19/22*)

Dated: August 19, 2022                    By:    /s/ Harry M. Drandell
                                                 Harry M. Drandell, Esq.
                                                 Attorney for Defendant
                                                 Jonathan James Rodriguez

5

**O R D E R**

IT IS ORDERED that

(1) the status hearing currently set for Wednesday, August 31, 2022, at 1:00 pm in Courtroom 7 is vacated; and

(2) a change of plea hearing is set to take place on Friday, September 23, 2022, at 9:00 a.m. in Courtroom 4.

IT IS FURTHER ORDERED THAT the period of time from August 31, 2022 through September 23, 2022 is deemed excludable pursuant to: (1) 18 U.S.C. § 3161(h)(1)(G) so the court can consider the proposed plea agreement to be entered into by the parties; and (2) 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)  because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: 8/19/2022

*Sheila K. Oberto*
Honorable Sheila K. Oberto
United States Magistrate Judge